UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| JEFFREY A. CARNEY, | CIVIL NO. 16-522 (ADM/JSM) |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| UNIFUND CCR, LLC and<br>GURSTEL CHARGO, P.A., | |
| Defendants. | |

JANIE S. MAYERON, United States Magistrate Judge

The above matter came before the Court upon Defendants' Motion to Stay Discovery and Proceedings or, Alternatively, to Dismiss Plaintiff's Complaint [Docket No. 7]. Stephen Warner, Esq. appeared on behalf of plaintiff. Brian Laule, Esq. appeared on behalf of defendants.

The matter has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1.

**I.   FACTUAL BACKGROUND**

On March 1, 2016, plaintiff Jeffrey Carney ("Carney") filed a Complaint against defendants Unifund CCR, LLC ("Unifund") and Gurstel Chargo, P.A. ("Gurstel Chargo"), alleging that defendants violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692e(2), 1692e(5), and 1692e(10), by "falsely representing the character, amount, or legal status of the allege debt, threatening to take action that cannot legally be taken, and using a false representation or deceptive means to collect a debt." Complaint [Docket No. 1], ¶¶ 42, 43. Carney also alleged that defendants violated 15

U.S.C. §§ 1692f and 1692f(1) by "using unfair means to collect the alleged debt and by attempting to collect an amount not authorized by the agreement or permitted by law." Id., ¶ 44.

In his Complaint, Carney alleged the following facts.

Carney is a resident of Le Sueur County, Minnesota and is a "consumer" as defined by 15 U.S.C. § 1692a(3). Id., ¶ 4. Unifund is a company based in Cincinnati, Ohio and is in the business of acquiring and attempting to collect on consumer debts. Id., ¶ 5. Gurstel Chargo is a law firm based in Golden Valley, Minnesota and regularly collects or attempts to collect debts. Id., ¶ 6. Both defendants are "debt collectors" as defined by 15 U.S.C. § 1692a(6). Id., ¶¶ 5, 6.

Carney incurred a debt in connection with a credit card account with Citibank, N.A ("Debt"). Id., ¶ 7. On or about January 19, 2010, Citibank charged off the Debt with a balance of $8,289.69. Id., ¶ 8. In the years following the charge-off, Citibank ceased sending periodic statements of interest to Carney showing the accrual of interest. Id., ¶ 9. Citibank's conduct constituted a waiver of interest accrued after the charge-off. Id., ¶ 10.

More than three years later, Citibank sold the Debt to Pilot Receivables Management, LLC ("Pilot"). Id., ¶ 11. According to documents provided by defendants, the "sale amount" of the Debt at the time of transfer to Pilot was $8,548.73. Id., ¶ 12.

In December, 2013, defendants sent a letter to Carney claiming that the "Current Balance" on the Debt was $8,569.81, thereby acknowledging the waiver of post charge-off interest. Id., ¶ 13. Unifund, through its counsel Gurstel Chargo, sued Carney in the Le Sueur County District Court ("State Court Action"), alleging that Unifund was the

successor in interest to Citibank. Id., ¶ 14. In the state court complaint, defendants[1] sought to recover the "sale amount" of $8,548.73, and interest at 6% for the period dated back to January 19, 2010, the charge-off date, which occurred 38 months before Unifund allegedly acquired the Debt. Id., ¶ 15. The alleged principal amount of $8,548.73 already included a post charge-off finance charge of $220.04, and thus, defendants sought to apply an additional 6% interest on top of a 28.99% interest charge for the same time period. Id., ¶ 16.

On November 7, 2014, the state court entered a default judgment against Carney and granted Unifund the relief requested. Id., ¶ 17. On March 30, 2015, defendants served a garnishment summons on U.S. Bank, thereby causing $11,714.67 of Carney's funds to be frozen. Id., ¶ 18. Carney timely claimed that the funds were exempt because they were "earnings" and he received need-based assistance, including medical assistance and food support. Id., ¶ 19 (citing Minn. Stat. ¶¶ 571.921; 550.37, subd. 14).

On April 16, 2015, the seventh business day after Carney had asserted his exemption claim in the garnishment proceeding, defendants filed an objection to the exemption, claiming that Carney's earnings did not qualify as exempt "earnings" under Minnesota law because Carney was self-employed. Id., ¶¶, 21 23. Following a hearing, the Le Sueur County District Court ordered that Carney's funds be released because "'[Defendants] failed to file a timely objection to [Mr. Carney's] exemption claim, and thus the Court is barred from hearing [Defendants'] objection.'" Id., ¶ 26 (alterations by

---

[1] Unifund was the plaintiff in the State Court Action and Gurstel Chargo was its lawyer. Nonetheless, Carney refers to "defendants" throughout the Complaint in relation to the actions by Unifund alleged in the State Court Action.

Carney). Because defendants' objection was not timely, the state court did not determine whether Carney's funds were exempt earnings. Id., ¶ 27.

As a result of defendants' actions, Carney's entire bank account was frozen for nearly eight weeks. Id., ¶ 29. Even though they knew that Carney's earnings were exempt, defendants have made at least four more separate attempts to garnish Carney's funds. Id., ¶ 30.

In July, 2015, Carney moved to vacate the default judgment in the State Court Action because he had not been personally served with a summons and complaint, and therefore, the state court lacked jurisdiction over the matter. Id., ¶ 31. In the alternative, Carney requested that the state court set aside the judgment on the grounds that he had a reasonable excuse for failing to timely respond; he acted with reasonable diligence after learning of the court's judgment; he had reasonable defenses on the merits; and setting aside the judgment would not unduly prejudice Unifund. Id., ¶ 32. Carney's purported defenses on the merits included defendants' attempt to collect waived interest, their attempt to add interest upon interest, and their failure to produce evidence showing that the Debt had been transferred to Unifund. Id., ¶ 33. Carney represented to the state court that the alleged bill of sale between Pilot and Unifund did not identify Carney or the Debt; rather, the bill of sale described the transfer of "Receivables," which is defined in a separate "Servicing Agreement."[2] Id., ¶ 34.

On September 29, 2015, defendants filed a response in the State Court Action representing that the appropriate charge-off balance was $8,549.73, contrary to the documents they had submitted from the purported original creditor. Id., ¶ 35.

---

[2] The "Servicing Agreement" is not in the record. Id., ¶ 34.

Defendants also contended that despite the evidence of waiver, it was legally permissible to accrue statutory interest following the charge-off. Id., ¶ 36. This representation was false. Id.

On October 8, 2015 the state court held a hearing on Carney's motion to vacate. Id., ¶ 37. At the hearing, defendants represented that certain purported statements and related documents constituted "exhibits to the bills of sale" of the Debt and were the "Receivables" referenced in the bills of sale and defined in the Servicing Agreement. Id. These representations were false. Id.

On October 15, 2015, the state court denied Carney's motion to vacate. Id., ¶ 38. Carney timely appealed the decision to the Minnesota Court of Appeals. Id., ¶ 39. In his appellant's brief, Carney argued that the trial court erroneously concluded that he did not have a reasonable defense on the merits on the issue of Unifund's standing to bring suit on the Debt. Defs.' Ex. I (Appellant's Brief and Addendum in MN Court of Appeals case no. A15-1985), pp. 16-20 [Docket No. 9-10], attached to Defendants Unifund CCR, LLC and Gurstel Chargo, P.A.'s Memorandum in Support of their Motion to Stay Discovery and Proceedings or, Alternatively, Dismiss Plaintiff's Complaint ("Defs.' Mem.") [Docket No. 9]. Specifically, and relevant to the instant motion, Carney contended that the purported assignment of the Debt between Pilot and Unifund did not actually reference Carney's Debt, or any other particular account. Id., pp. 18-19. Rather, the assignment provided for transfer of all of Pilot's rights in the "Receivables," a term defined in the Servicing Agreement between Pilot and Unifund. Id., p. 19. However, Unifund failed to produce the Servicing Agreement. Id. Carney also contended that the state court erred in finding that he did not have a reasonable

5

defense on the merits as to Unifunds attempt to collect waived post charge-off interest. Id., pp. 20-24. According to Carney, Citibank failed to send periodic statements of interest to Carney, as required under the Federal Truth in Lending Act, 12 C.F.R. § 226.5(b)(2)(i). Id. 21. Citibank's failure to send periodic statements for three years after the Debt charge-off establishes a voluntary waiver of interest prior to the sale of the Debt. Id. Lastly, Carney maintained that the state court rested its decision on an incorrect legal standard, namely, that the burden was on Carney to prove his defenses on the merits in the context of a motion to vacate. Id., pp. 24-25.

On March 1, 2016, Carney commenced the instant suit, claiming that the acts and omissions described in his Complaint constituted violations of the FDCPA. Complaint, ¶ 41. The summons issued on March 30, 2016, and on May 10, 2016, defendants filed their Answer [Docket No. 5]. On May 13, 2016, defendants filed the instant motion to stay discovery and proceedings or, in the alternative, to dismiss Carney's Complaint pending resolution of the State Action.

### C. Motion to Stay or to Dismiss

In support of their motion, defendants argued that this Court should abstain from exercising federal jurisdiction pursuant to the principles enunciated in Colorado River Water Conservation District v. United States, 424 U.S. 800 (1976). Defs.' Mem., p. 6. Defendants maintained that Colorado River abstention is appropriate because Carney's pending appeal in the Minnesota Court of Appeals and the instant federal lawsuit are parallel proceedings. Id., pp. 6-10 (citing Calleros v. FSI Int'l, Inc., 892 F. Supp. 2d 1163, 1168 (D. Minn. 2012); Stampley v. LVNV Finding, LLC, 583 F. Supp. 2d 960 (N.D. Ill. 2008); Mason v. Messerli & Kramer, P.A., Civ. No. 03-3251 (PAM/RLE), 2004

WL 898273, at *1 (D. Minn. Apr. 14, 2004)). According to defendants, disposition of the State Court Action is likely to dispose of Carney's claims in the instant federal action because if the Minnesota Court of Appeals determines that the state court properly awarded Unifund 6% statutory prejudgment interest and properly found that Unifund established standing to sue, then there would be no factual basis for Carney's FDCPA claims. Id., pp. 9-10. Defendants argued that based on the six factors enunciated in Fru-Con Constr. Corp. v. Controlled Air, Inc., 574 F.3d 527, 534 (8th Cir. 2009), exceptional circumstances warrant abstention in this case. Id., pp. 10-16.[3]

Carney responded that the Colorado River abstention doctrine does not apply because the instant lawsuit and the State Court Action are not parallel proceedings, and cannot possibly dispose of his federal FDCPA claims, as no such claims have been raised in the State Court Action. Memorandum of Law in Opposition to Motion for Stay or Dismissal ("Pl.'s Mem."), pp. 6-14 [Docket No. 14].

In reply, defendants urged that there is a substantial likelihood that the State Court Action will fully dispose of the claims in the present lawsuit because the state court has already considered Carney's garnishment-related issues. Defendants Unifund CCR, LLC and Gurstel Chargo, P.A.'s Reply Memorandum in Support of their Motion to Stay Discover and Proceedings or, Alternatively, Dismiss Plaintiff's Complaint, pp. 3-4 [Docket No. 18]. Even if Carney had not asserted the garnishment-related issues in the State Action, he could have done so, and therefore, those claims are barred by the doctrine of res judicata. Id., pp. 5-7. Finally, defendants reiterated their

---

[3] Because this Court concludes that the motion to dismiss or stay is moot, the Court does not summarize the detailed arguments of the parties as to whether abstention is or is not proper.

position that the six Fru-Con factors establish exceptional circumstances warranting abstention in this case.[4] Id., pp. 9-12.

### D. Decision of the Minnesota Court of Appeals

On July 18, 2016, the Minnesota Court of Appeals issued its decision affirming the Le Sueur County District Court's denial of Carney's motion to vacate the default judgment. Order dated July 18, 2016 in Minnesota Court of Appeals case no. A15-1985 (available at http://macsnc.courts.state.mn.us/). Relevant to the instant motion, the court determined that "documents filed by Unifund regarding the assignment of Carney's debt" supported the trial court's rejection of Carney's asserted defense on the merits as to Unifund's standing to collect on the Debt. Id., p. 7. As to Carney's defense regarding Unifund's attempt to collect waived interest, the court found that Carney "failed to supply any specific evidence that would support his claim that interest had been waived by Unifund's predecessor-in-interest." Id., pp. 7-8 (citation omitted).

On July 25, 2016, this Court requested supplemental briefing on the issue of whether, in light of the Minnesota Court of Appeals' decision, defendants' motion to stay

---

[4] At the hearing, defendants' counsel suggested that even if the Colorado River abstention doctrine did not dictate a stay or dismissal of the proceedings, the Court could exercise its "inherent authority" to stay the proceedings. For this proposition, counsel cited Calleros, 892 F. Supp. 2d at 1171 n. 8 ("Here, even if abstention over only some of Calleros's claims were appropriate, the Court could—and would—nevertheless exercise its "inherent authority" to stay this case pending resolution of the state cases. Apart from abstention, the Court enjoys the inherent power to stay proceedings before it, "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936); see also Kreditverein der Bank Austria Creditanstalt fur Niederosterreich und Bergenland v. Nejezchleba, 477 F.3d 942, 945 (8th Cir.2007) (noting distinction between stay due to Colorado River abstention and stay under court's inherent power). A stay is appropriate to permit the state court, where jurisdiction first attached, to adjudicate the issues before this Court reaches them, and that adjudication may well have a significant impact on this case, for the reasons already discussed.").

8

or dismiss was moot. In response to that request, defendants argued that as Carney has until August 17, 2016, to petition the Minnesota Supreme Court for review of the Court of Appeals' decision, the impact of the appellate court's decision would not be fully realized until Carney elected not to petition the Minnesota Supreme Court, or the court granted or denied Carney's petition for certiorari. [Docket No. 24]. For those reasons, defendants maintained that their motion was not moot.[5] Id.

In response, Carney's counsel represented in writing that Carney did not intend to seek any further review of the Minnesota Court of Appeals' decision, and therefore, defendants' motion was moot. [Docket No. 22]. Carney's counsel further represented that he had already submitted to defendants a Proposed Amended Complaint, which removed any references or prayers for relief based on matters decided in the State Court Action. Id.

## II. DISCUSSION

"Article III, § 2, of the United States Constitution . . . limits the subject matter jurisdiction of federal courts to actual cases and controversies." McClain v. Am. Econ. Ins. Co., 424 F.3d 728, 731 (8th Cir. 2005). "A case that no longer presents a live case or controversy is moot, and a federal court lacks jurisdiction to hear the action." Minnesota Humane Soc'y v. Clark, 184 F.3d 795, 797 (8th Cir. 1999) (citing Hickman v. Missouri, 144 F.3d 1141, 1142 (8th Cir. 1998)). If, while a motion is pending, an event occurs that eliminates a federal court's ability to provide the prevailing party any

---

[5] At the same time, defendants acknowledged that plaintiff's counsel had circulated a proposed amended complaint that could substantially alter their analysis. According to defendants' counsel, "[i]f the parties ultimately stipulate to Plaintiffs filing of the proposed amended complaint—as currently drafted—and the court accepts the filing, then defendants' pending motion to stay or dismiss this action will likely be rendered moot." [Docket No. 24].

effectual relief, the motion must be denied as moot. In re Sec. Life Ins. Co. of Am., 228 F.3d 865, 870 (8th Cir. 2000) (citing In re Grand Jury Subpoenas Duces Tecum, 78 F.3d 1307, 1310 (8th Cir.1996)).

Defendants have moved this Court for an order staying or dismissing the instant lawsuit pending resolution of Carney's appeal in the Minnesota Court of Appeals. However, the Minnesota Court of Appeals has already issued its decision affirming the grant of a default judgment against Carney, and Carney has affirmatively represented that he did not intend to seek further review of that decision in the Minnesota Supreme Court. Accordingly, this Court concludes that there is no longer any meaningful relief that could be granted to defendants, and their motion should be denied as moot.

## III. RECOMMENDATION

For the reasons set forth above, IT IS HEREBY RECOMMENDED that

Defendants' Motion to Stay Discovery and Proceedings or, Alternatively, to Dismiss Plaintiff's Complaint [Docket No. 7] be **DENIED** as moot.

Dated: August 3, 2016

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

## NOTICE

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **August 17, 2016**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. All briefs filed under this Rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.