# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Jeffrey A. Carney,

      Plaintiff,

v.

**MEMORANDUM OPINION AND ORDER**
Civil No. 16-522 ADM/SER

Unifund CCR, LLC, and Gurstel Chargo, P.A.,

      Defendants.

___

Darren B. Schwiebert, Esq., DBS Law LLC, Minneapolis, MN, on behalf of Plaintiff.

Patrick D. Newman, Esq., Moss & Barnett, PA, Minneapolis, MN, on behalf of Defendants.

___

## I. INTRODUCTION

On October 26, 2016, the undersigned United States District Judge heard oral argument on Defendants Unifund CCR, LLC and Gurstel Chargo, P.A.'s ("Defendants") Motion to Dismiss [Docket No. 35]. Plaintiff Jeffrey A. Carney ("Carney") opposes the motion. For the reasons set forth below, Defendants' Motion is granted.

## II. BACKGROUND[1]

This action, arising under the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692, has its roots in state court. In the 2000s, Carney incurred credit card debt with Citibank, N.A. ("Citibank"). Am. Compl. [Docket No. 28] ¶ 7. Gurstel Chargo, P.A. ("Gurstel"), representing Unifund CCR, LLC as successor in interest to Citibank, sued Carney over the debt in Minnesota state court. Id. ¶ 8. On November 7, 2014, Gurstel obtained default judgment after

___

[1] In considering a motion to dismiss, the pleadings are construed in the light most favorable to the nonmoving party, and the facts alleged in the complaint must be taken as true. Hamm v. Groose, 15 F.3d 110, 112 (8th Cir. 1994).

Carney failed to respond to the lawsuit. Id. ¶ 9.

On March 30, 2015, Defendants served a garnishment summons on U.S. Bank, resulting in $11,714.67 of Carney's funds being frozen. Id. ¶ 10. Carney filed an exemption to the garnishment, claiming that his funds were exempt because they were earnings and because he was the recipient of need-based assistance.[2] Id. ¶ 11. Defendants had six days, until April 15, 2015, to object to Carney's exemption. Id. ¶ 12. On the seventh day, April 16, 2015, Defendants filed an objection. Id. ¶ 14.

After a hearing, the state court ordered the funds released, concluding the merits of the objection could not be reached because the objection was untimely. Id. ¶ 18. The court, however, declined to conclude that Defendants acted in bad faith, stating that the record lacked evidence that Defendants purposefully attempted to deceive the court or Carney and that a calculation error does not rise to the level of bad faith. Id. ¶ 20. Carney claims that Defendants' actions resulted in his bank account being frozen for almost eight weeks. Id. ¶ 21.

Since the state court's ruling, Defendants have made four separate attempts to garnish Carney's funds. Id. ¶ 22. Carney claims Defendants attempted these later garnishment efforts with the knowledge that Carney's funds were exempt. Id. While Carney maintains that his funds are exempt, he concedes that no judicial determination of his exemption has been made. Id. ¶ 19.

Carney alleges three FDCPA violations resulting from Defendants' objection. First, Carney avers that Defendants' objection falsely represented that Carney was self-employed and,

---

[2] Minn. Stat. § 550.37, subd. 14 provides that "[a]ll government assistance based on need, and the earnings or salary of a person who is a recipient of government assistance based on need, shall be exempt from all claims of creditors. . . ."

therefore, his funds were not exempt.[3]  Id. ¶ 15.  Second, Carney alleges that Defendants falsely represented to the state court judge that its objection was timely filed on April 15, 2015.  Id. ¶ 16.  Finally, Carney claims that Defendants falsely represented that its objection was timely filed because the deadline for filing the objection was April 16, 2015, not April 15.  Id. ¶ 17.  Carney also alleges that Defendants' efforts to collect the debt after the state court action constitute FDCPA violations.  Carney complains that Defendants' conduct violated §§ 1692e(5), 1692e(10), 1692f, and 1692f(1) of the FDCPA.  Id. ¶¶ 27, 28.  Defendants are moving to dismiss the Amended Complaint in its entirety.

### III.  DISCUSSION

**A.  Motion to Dismiss Standard**

Under Rule 8(a) of the Federal Rules of Civil Procedure, pleadings "shall contain a short and plain statement of the claim showing that the pleader is entitled to relief."  A pleading must contain "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Id. at 679.  "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of

---

[3] "Earnings" is defined to mean "compensation paid or payable to an employee for personal service whether denominated as wages, salary, commissions, bonus, or otherwise. . . ."  Minn. Stat. 571.921(a)(1).  "'Employee' means an individual who performs services subject to the right of the employer to control both what is done and how it is done."  Id. § 517.921(c).

misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" Id. (quoting Fed. R. Civ. P. 8(a)(2)).

**B.  The FDCPA**

The FDCPA "prohibits debt collector[s] from making false or misleading representations and from engaging in various abusive and unfair practices." Heintz v. Jenkins, 514 U.S. 291, 292 (1995) (quotations omitted, alteration in original). "The purpose of the FDCPA is to eliminate abusive debt collection practices by debt collectors, . . . and debt collectors are liable for failure to comply with any provision of the Act." Dunham v. Portfolio Recovery Assoc., LLC, 663 F.3d 997, 1000 (8th Cir. 2011) (quotations omitted, ellipsis in original). In evaluating whether a debt collector used a false, deceptive, or misleading representation or means in connection with the collection of any debt, in violation of § 1692e, the representation or means must be viewed "through the eyes of the unsophisticated consumer." Duffy v. Landberg, 215 F.3d 871, 872 (8th Cir. 2000). "These tests are designed to protect consumers of below average sophistication or intelligence, but they also contain an objective element of reasonableness that prevents liability for bizarre or idiosyncratic interpretations of collection notices." Peters v. Gen. Serv. Bureau, Inc., 277 F.3d 1051, 1055 (8th Cir. 2002) (citations and quotations omitted). This same standard is used in assessing whether a debt collector employed an unfair or unconscionable means to collect or attempt to collect a debt, in violation of § 1692f. Strand v. Diversified Collection Serv., Inc., 380 F.3d 316, 317–18 (8th Cir. 2004).

Defendants argue that dismissal is warranted for three reasons. First, Defendants argue that Carney has failed to state a FDCPA claim because he failed to plead Defendants had actual knowledge that his funds were exempt. Second, Defendants contend this dispute is governed by

state law, not the FDCPA. Finally, Defendants argue that their conduct was permissive litigation activity rather than the type of misrepresentations that are actionable under the FDCPA.

**C. Post-State Court Efforts to Garnish**

Defendants challenge the Amended Complaint by arguing that no plausible FDCPA claim is alleged because Defendants never had knowledge that Carney's earnings were exempt. Without such knowledge, Defendants argue, Carney's allegation that the garnishment attempt was wrongful and unlawful fails. Carney responds that knowledge is not a prerequisite for a FDCPA violation.

As stated above, the FDCPA imposes liability on debt collectors who employ false means to collect a debt, including the threat to take any action that cannot legally be taken. Carney alleges in Paragraph 22 of the Amended Complaint that after the state court action was closed, Defendants made four separate efforts to garnish his funds despite knowing the funds are exempt. Defendants challenge this premise, arguing that because the propriety of Carney's exemption was never determined, it is still unknown whether the funds are exempt, an uncertainty that Carney does not dispute. See Am. Compl. ¶ 19 ("Because the objection was not timely, the Court did not rule as to whether the funds were exempt earnings.").

As an initial matter, there is nothing unlawful about Defendants' multiple efforts to garnish Carney's funds, as Minn. Stat. § 571.71(3) authorizes creditors to issue a garnishment summons "at any time after entry of a money judgment in the civil action."[4] Carney's argument

---

[4] The allegation that "Defendants have since made at least four separate efforts to garnish Mr. Carney's funds" does little to plausibly allege Defendants' purported attempts were proscribed by the FDCPA. No facts are pled to explain why Defendants' later garnishment efforts were unsuccessful. Without additional facts, little about Defendants' conduct can be gleaned from this bald averment.

is that the four garnishment attempts were proscribed by the FDCPA's prohibition against creditors threatening to take any action that cannot legally be taken because Defendants knew Carney's funds were exempt.

That claim, however, is not plausibly pled. Carney's assertion that Defendants knew his funds were exempt rests solely on the exemption he claimed in the underlying state court action, an exemption Defendants contend does not apply and Carney himself admits was never adjudicated. In Hogue v. Palisades Collection, LLC, 494 F. Supp. 2d 1043, 1045–46 (S.D. Iowa 2007), a plausible FDCPA claim was pled when, before garnishment proceedings were initiated, the debtor's attorney informed the creditor that the debtor's funds were exempt and provided an affidavit from the debtor herself stating the same. Despite those statements, the creditor went forward with the garnishment action. Id. at 1046. In brushing aside concerns that fear of FDCPA liability would require creditors to unflinchingly accept debtors' claims about their financial status, Hogue stated that the declarations were not merely "claims" but were assertions made by an attorney ethically obligated to speak truthfully and accompanied with an affidavit attesting to the validity of the attorney's declaration. Id. at 1050–51. Comparatively, in Shrestha v. State Credit Adjustment Bureau, 117 F. Supp. 2d 142, 145 (D. Conn. 2000), FDCPA claims were dismissed because the "defendant had no reason to know that plaintiff's bank account contained exempt funds." In reaching that conclusion, the court noted that the "[d]efendant is not required to rely on a debtor's assertion of his financial status." Id.

Significantly, Carney's claim that Defendants knew his funds were exempt ignores the events in state court. When Paragraph 22 is read with the Amended Complaint's recitation of the state court action, including Defendants' objection and the court's lack of ruling on the merits of

6

Carney's exemption, the facial plausibility of Defendants' "knowledge" vanishes. While it is accurate to state the merits of Defendants' objection were not considered because it was untimely, its tardiness does not detract from the substance of its argument. Carney's allegation that Defendants <u>knew</u> the funds were exempt is, at best, inconsistent with what Defendants' conduct evinces, that the exemption did not apply and that Carney's funds are not exempt. When scrutinized, Carney's allegation is a label or conclusion that does not need to be accepted as true. <u>Twombly</u>, 550 U.S. at 555. Carney's unadjudicated exemption, as the sole basis for averring that his funds were exempt, lacks the support of the statements in <u>Hogue</u> and is similar to the self-serving assertions of financial status rejected in <u>Shrestha</u>. For these reasons, Carney's FDCPA claims premised on paragraph 22 in the Amended Complaint are dismissed.

When the knowledge averment in paragraph 22 is removed, what remains is the allegation that Defendants attempted to garnish exempt funds.[5] Carney, however, has failed to plead facts to plausibly allege his funds are exempt.[6]

### D. Representations at State Court

Carney also claims Defendants violated the FDCPA for purported misrepresentations made in state court over the timeliness of their objection. Defendants argue that dismissal of

---

[5] Carney appears to argue that this attempt itself is a FDCPA violation, even if Defendants had no reason to believe the funds were exempt from garnishment. Holding debt collectors liable for availing themselves of lawful garnishment procedures that were ultimately unsuccessful is at odds with the Supreme Court's observation that "the fact that a lawsuit turns out ultimately to be unsuccessful" does not, without more, make it an "action that cannot legally be taken." <u>Heintz</u>, 514 U.S. at 296.

[6] Carney makes repeated reference to <u>Picht v. John R. Hawks, Ltd.</u>, 236 F.3d 446 (8th Cir. 2001), arguing that the Eighth Circuit has only recognized one defense to a violation of the FDCPA. <u>Picht</u> is inapposite to Defendants argument on this issue because Defendants' position is not that a defense to a FDCPA violation applies, but that no FDCPA violation occurred.

these claims is appropriate because the statements were made in a judicial proceeding and did not mislead Carney nor the state court judge.  The Court agrees.

The Supreme Court has noted that the FDCPA has an "apparent objective of preserving creditors' judicial remedies."  Heintz, 514 U.S. at 296.  This objective may be strained when representations made in garnishment proceedings form the basis for a later FDCPA lawsuit, as was at issue in Hemmingsen v. Messerli & Kramer, P.A., 674 F.3d 814 (8th Cir. 2012).  As here, the FDCPA claims in Hemmingsen followed a state court action where, although the debtor prevailed, the creditor made allegedly false statements in a summary judgment memorandum and supporting affidavit.  Id. at 816–17, 19.  The Eighth Circuit began its analysis of the FDCPA claims with the observation that "circuit courts have struggled to define the extent to which a debt collection lawyer's representations to the consumer's attorney or in court filings during the course of debt collection litigation can violate §§ 1692d–f."  Id. at 818.  Although the Eighth Circuit declined to adopt the district court's "broad ruling that false statements not made directly to a consumer debtor are never actionable under § 1692e[,]" the court nevertheless concluded "that the diverse situations in which potential FDCPA claims may arise during the course of litigation, and the Supreme Court's caution in Heintz that careful crafting may be required in applying the statute's prohibitions to attorneys engaged in litigation, counsel against anything other than a case-by-case approach. . . ."  Id. at 818–19.  Because the alleged false statements did not prevent the creditor from arguing her contrary position in state court, did not persuade the judge, and did not cause the debtor or her attorneys to take any action in reliance on the alleged falsehoods, the Hemmingsen court had "no difficulty affirming dismissal" the FDCPA claims on the merits.  Id. at 819.

Consistent with Hemmingsen's case-by-case directive, courts have ordered dismissal of §§ 1692e and 1692f claims for litigation conduct that was more closely related to debt collection than the misrepresentations alleged here. In Hill v. Accounts Receivable Services, LLC, No. 16-219, 2016 WL 6462119, at *1 (D. Minn. Oct. 31, 2016), a conciliation court action was initiated by a creditor against a debtor. In the conciliation court case, the creditor allegedly provided the debtor with a fake Bill of Sale, attempted to collect interest to which it was not entitled, and included false and misleading representations in the complaint. Id. at *1–2. After prevailing in conciliation court, the debtor, Hill, commenced a FDCPA action based on the three purported misrepresentations. Id. at *2. In ordering judgment on the pleadings for the creditor, the court noted that the pleading failed to allege that the "misleading conduct actually deceived him or the conciliation court[,]" and that "[i]n these circumstances—where neither Hill nor the conciliation court was misled, and Hill won the underlying state court suit—Hill fails to plausible allege a claim under §§ 1692e, 1692f, and their subsections." Id. at *5. A case that contrasts with Hill, is Boldon v. Riverwalk Holdings, Ltd., No. 15-2106, 2016 WL 900639, at *4 (D. Minn. Mar. 9, 2016), in which a plausible FDCPA violation was pled and Hemmingsen was distinguished because the allegedly abusive or unconscionable conduct was averred to be intentional rather than a misrepresentation, and facts were alleged that showed defendants' conduct was intended to coerce the plaintiff into paying the debt.[7]

The allegations here are more closely aligned with Hill and Hemmingsen and the same result is appropriate. The averments in the Amended Complaint are that Defendants

---

[7] Hemmingsen's authority is not diminished even though it was decided on a motion for summary judgment. To survive a motion to dismiss, the plaintiff must allege enough facts to state a claim to relief that is plausible on its face. Carney has not done that here.

misrepresented the timeliness of their objection.[8]  The purported misrepresentations as to the filing deadline, however, had nothing to do with the amount of debt, had nothing to do with the debt itself, and were made to the court, not the debtor.  See Miljkovic v. Shafritz & Dinkin, P.A., 791 F.3d 1291, 1306 (11th Cir. 2015)  (holding a reply brief filed in state court was "not misleading or deceptive" because it did "not misrepresent the nature or effect of the writ of garnishment[,] . . . erroneously state the amount of the debt owed[,] . . . incorrectly identify the holder of the alleged debt[, or] . . . contain false or deliberately ambiguous threats of future litigation.").  The alleged misrepresentations were arguments that, if accepted, would have permitted the state court judge to hear the merits of Defendants' objection.  That Defendants' arguments were rejected does not lead to a plausible inference that the statements were false or misleading for § 1692e purposes.  Accordingly, Carney has failed to plausibly allege a FDCPA violation premised on Defendants' conduct in state court concerning the timeliness of their objection.

---

[8] In paragraph 15 of the Amended Complaint, Carney avers that Defendants falsely represented to the state court judge in briefing and in argument that Carney's claimed exemption should not apply because he was self-employed.  See Am. Compl. ¶ 15.  In addition to Carney's failure to aver facts that plausibly shows Defendants' representation was false, this purported misrepresentation was asserted as a legal argument Defendants were rightfully permitted to make.  As alleged here, exposing Defendants to FDCPA liability would frustrate the statute's objective to preserve creditor's judicial remedies.

## IV.  CONCLUSION

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that Defendants Unifund CCR, LLC and Gurstel Chargo, P.A.'s Motion to Dismiss [Docket No. 35] is **GRANTED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

BY THE COURT:


　　　s/Ann D. Montgomery　　　
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  December 6, 2016.